IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18-CV-024 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | |
| TWENTY-ONE THOUSAND ONE HUNDRED DOLLARS IN UNITED STATES CURRENCY ($21,100.00), | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

**THE DEFENDANT IN REM**

2. The defendant is Twenty-One Thousand One Hundred Dollars in United States Currency ($21,100.00) ("defendant currency"). On or about August 11, 2017, the Drug Enforcement Administration seized the defendant currency from a residence, located at 5588

Savina Avenue, Dayton, Ohio, during the execution of a federal search warrant. The United States subsequently deposited the funds into the Seized Asset Deposit Fund, where they will remain during the pendency of this action.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency pursuant to 21 U.S.C. § 881(a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendant currency was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

## FACTS

7. The Drug Enforcement Administration ("DEA") and other law enforcement

agencies are investigating the fentanyl distribution activities of individuals in the Dayton, Ohio area and elsewhere. Federal agents identified Corey Gay ("Gay") as a local drug trafficker who distributes kilogram quantities of fentanyl.

8. During late spring and early summer 2017, a confidential source ("CS#1") agreed to provide information to law enforcement in an effort to gain early release from state parole. According to CS#1, Gay lived with Rashida Bennett ("Bennett") in a house in Englewood, Ohio. Based on CS#1's description, agents determined that CS#1 was referencing 5588 Savina Avenue, Dayton, Ohio. CS#1 further indicated that Gay had a residence at 665 Mia Avenue, Dayton, Ohio, but he did not reside there. CS#1 advised that Gay used drug proceeds to purchase multiple cars.

9. The investigation confirmed that Gay lived at 5588 Savina Avenue, Dayton, Ohio, with Bennett and that they previously were married. Bennett was charged and convicted in the same federal drug cases as Gay (Case Nos. 3:04-CR-031, 3:04-CR-129), and she was known to associate with another drug trafficker and profit from her association with that individual.

10. DEA Special Agent Steven Lucas ("SA Lucas") learned that Gay falsely told his federal probation officer that he resided at 665 Mia Avenue.

11. During August 2017, SA Lucas interviewed a second confidential source ("CS#2"). CS#2 has provided information in the past, which law enforcement has independently corroborated, in exchange for monetary payments. CS#2 advised that he/she has known Gay and Bennett for several years. Based on conversations that CS#2 had with an associate of Gay, CS#2 indicated that Gay was selling fentanyl and cocaine. CS#2 believed that Gay lived with Bennett at a house in Englewood, Ohio.

3

12. During August 2017, SA Lucas interviewed a third confidential source ("CS#3"). CS#3 has provided information in the past which law enforcement has independently corroborated. A federal grand jury has returned an indictment against CS#3; therefore, he/she has provided information to law enforcement in an effort to reduce CS#3's sentence. CS#3 acknowledged knowing Gay and Bennett and advised that they lived together. Based on information of an associate of Gay, CS#3 believed that Gay was receiving kilogram quantities of fentanyl from relatives in Arizona.

13. On or about August 10, 2017, a fourth confidential source ("CS#4") indicated that Gay was selling fentanyl, cocaine, and methamphetamine. CS#4 provided specific names of other individuals believed to work with Gay in distributing drugs. SA Lucas was familiar with the other individuals and knew them to be associated with Gay.

14. On or about August 10, 2017, CS#1 placed a monitored and recorded call to Gay. During this call, Gay indicated that he had methamphetamine and fentanyl for sale. CS#1 indicated that he/she would pay Gay $199,000 owed from a prior drug debt and an additional $50,000 for a kilogram of fentanyl. During their discussions, CS#1 asked Gay if he had any problems with CS#1 heat sealing the money to avoid detection of a drug canine. Gay told CS#1 that he always sealed his money and wore gloves when he processed bulk cash. Gay indicated that he would have everything ready shortly.

15. On or about August 11, 2017, CS#1 placed a monitored and recorded call to Gay. During this call, Gay indicated that he had one kilogram of fentanyl ready for CS#1. CS#1 confirmed that he/she had the $249,000 ready as payment for past purchases of narcotics and for the kilogram of fentanyl. When asked about the quality of the current fentanyl, Gay responded

4

that it was "buck naked," meaning that the fentanyl was uncut and of high potency. Gay indicated that he would text the location where CS#1 should meet him. A short time later, CS#1 received a text message from Gay stating that they should meet at "4293 wolf rd."

16. Once at the meet location, Gay exited his car and approached CS#1's car. CS#1 then showed Gay a bag which purportedly contained thousands of dollars in United States currency. Gay took the bag as payment for the previous drug deals and for the additional kilogram of fentanyl. After Gay placed the bag in the backseat of his car, agents arrived at the scene and detained Gay. By accepting payment from CS#1, Gay confirmed that he previously had sold large amounts of fentanyl to CS#1.

17. On or about August 11, 2017, the DEA, with the assistance of other law enforcement officers, executed a federal search warrant at the Savina Avenue and Wolf Road residences.

18. During the execution of the search warrant at Savina Avenue, investigators recovered items associated with drug trafficking, such as $22,100.00 in United States currency, which was found in an armrest of a sectional sofa in the family room; a drug ledger, which was found in a shoe in the master bedroom; and two plastic jars labeled "Quinine," which were found in a cabinet in the laundry room. Quinine is used by drug traffickers as a cutting agent.

19. The seized currency was separated into bundles and was held together with rubber bands, which is a typical method used by drug traffickers to store money. The defendant currency, which was claimed by Gay, is $1,000.00 less than the total seized currency.

20. On August 13, 2017, a criminal complaint was filed against Gay (Case No. 3:17-mj-369), charging him with knowing and intentional distribution of 400 grams or more of fentanyl,

a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and with attempting to knowingly and intentionally distribute 400 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

21. Gay has a substantial criminal history including, among others, the following state convictions: disorderly conduct, obstructing official business, negligent assault, carrying concealed weapon, domestic violence, disorderly conduct/intoxication, and driving without a license. Further, Gay has the following federal convictions: conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine, 50 grams of cocaine base, and 100 kilograms of marijuana and three counts of money laundering (Case No. 3:04-CR-031-4) and conspiracy to distribute and possess with intent to distribute in excess of 15 kilograms of cocaine (Case No. 3:04-CR-129-1). On his federal charges, Gay served a lengthy term of imprisonment and was released from the Bureau of Prisons ("BOP") on October 24, 2014.

22. Less than three years after Gay was released from the BOP and while on supervised release, he returned to a life in drug trafficking.

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that:

(a) the Court find there is probable cause to believe that the defendant currency has been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6);

(b) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant currency and to retain the same in its custody subject to further order of the Court;

(c) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant currency to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for thirty consecutive days;

(d) the forfeiture of the defendant currency to the United States be confirmed, enforced, and ordered by the Court;

(e) the Court thereafter order the United States to dispose of the defendant currency as provided by law; and

(f) the Court award the United States all other relief to which it is entitled, including the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax: (513) 684-6385
Deborah.Grimes @usdoj.gov

7

**VERIFICATION**

I, Steven M. Lucas, hereby verify and declare under the penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.


 01/19/18                                             s/Steven M. Lucas
Date                                                  STEVEN M. LUCAS, Special Agent
                                                      Drug Enforcement Administration

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Twenty-One Thousand One Hundred Dollars in United States Currency ($21,100.00) |
| (b) County of Residence of First Listed Plaintiff   Montgomery<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Montgomery<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Deborah D. Grimes, Assistant United States Attorney, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE   1/19/18
SIGNATURE OF ATTORNEY OF RECORD   /s/ Deborah D. Grimes

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (5/85) Summons in a Civil Action

# United States District Court

SOUTHERN  **DISTRICT OF**  OHIO

UNITED STATES OF AMERICA

V.

TWENTY-ONE THOUSAND ONE HUNDRED
DOLLARS IN UNITED STATES CURRENCY
($21,100.00)

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 3:18CV024

TO: (Name and Address of Defendant)

TWENTY-ONE THOUSAND ONE HUNDRED
DOLLARS IN UNITED STATES CURRENCY ($21,100.00)
c/o U.S. MARSHAL SERVICE

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Deborah D. Grimes
Assistant U.S. Attorney
U.S. Attorney's Office
221 East Fourth Street, Suite 400
Cincinnati, Ohio   45202

a Claim pursuant to Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure within thirty (30) days after the service of this Summons upon you, exclusive of the day of service, and an Answer or Motion under Rule 12 to the Complaint which is herewith served upon you, within twenty (20) days after the filing of your Claim.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Richard W. Nagel
**CLERK**

**DATE**

**BY DEPUTY CLERK**